MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
ANDREW A. KUMAMOTO (178541)
akumamoto@mwe.com
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:     (650) 813-5000
Facsimile:     (650) 813-5100

*Attorneys for Tercica, Inc.*

HELLER EHRMAN LLP
M. PATRICIA THAYER (90818)
patricia.thayer@hellerehrman.com
ETHAN C. GLASS (216159)
ethan.glass@hellerehrman.com
333 Bush Street
San Francisco, CA  94104-2878
Telephone:     (415) 772-6794
Facsimile:     (415) 772-6268

*Attorneys for Genentech, Inc*

FOLEY & LARDNER LLP
E. PATRICK ELLISEN, BAR NO. 142033
pellisen@foley.com
DAVID B. MOYER, BAR NO. 197739
dmoyer@foley.com
1530 Page Mill Road
Palo Alto, CA 94304
Telephone:     650.251.1114
Facsimile:     650.856.3710

FOLEY & LARDNER LLP
LARRY L. SHATZER, *PRO HAC VICE*
lshatzer@foley.com
GEORGE C. BEST, *PRO HAC VICE*
gbest@foley.com
LIANE M. PETERSON, *PRO HAC VICE*
lpeterson@foley.com
3000 K ST., N.W.
Washington, DC 20007
Telephone:     202.672.5300
Facsimile:     202.672.5399

*Attorneys for Defendants, INSMED INCORPORATED and
CELTRIX PHARMACEUTICALS,INC.*

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MPK 92461-8.073241.0011

**STIPULATED PROTECTIVE ORDER
CASE NO. 04-CV-05429 CW**

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF CALIFORNIA

3

4  GENENTECH, INC., a Delaware
   Corporation, TERCICA, INC., a Delaware
5  Corporation,

6            Plaintiffs,

7      v.

8  INSMED INCORPORATED, a Virginia
   Corporation, CELTRIX
9  PHARMACEUTICALS, INC., a Delaware
   corporation,
10
            Defendants.
11

No.  04-CV-05429-CW

**STIPULATED PROTECTIVE ORDER**

12       This matter, having been brought before the Court by GENENTECH, INC., a Delaware

13  Corporation ("GENENTECH"), TERCICA, INC., a Delaware Corporation ("TERCICA"),

14  INSMED INCORPORATED, a Virginia Corporation ("INSMED"), and CELTRIX

15  PHARMACEUTICALS, INC., a Delaware corporation ("CELTRIX") (collectively the "Parties")

16  by and through their attorneys of record, for a protective order that access to any materials which

17  are the subject of or relate to "Confidential Information," as defined below, and which are

18  disclosed during the course of this action, as defined below, shall be restricted according to the

19  terms and conditions of this Stipulation and Protective Order.

20

21  **TERMS AND CONDITIONS**

22  **1.**    **Designation Of Confidential Information.**

23      **a.**    The term "Confidential Information" is anything that qualifies for protection under

24  Federal Rules of Civil Procedure 26(c), including without limitation, trade secrets as defined

25  under California Civil Code § 3426.1(d), the Virginia Uniform Trade Secrets Act, or applicable

26  case law, as well as other information which in the ordinary course is neither made available to

27  the general public nor the industry at large and to which access is restricted and efforts have been

28  made to keep the information from being broadly disseminated such as technical, research, or

development information, commercial, financial, budgeting and/or accounting information, information about existing and potential customers, patient information, marketing studies, performance, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and/or confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships.  The term "Confidential Information" also includes, without limitation, pending applications to and communications with governmental and regulatory authorities such as the Patent and Trademark Office and the Food and Drug Administration and their foreign counterparts.

     **b.**     The scope of this Stipulation shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all documents, copies, excerpts, and summaries containing Confidential Information, as well as testimony and oral communications containing Confidential Information or information derived therefrom.

     **c.**     Any party to this action, or third party who has received a subpoena for production of documents, may designate documents, information and things as "Confidential Information." Such party is hereby referred to as the "Designating Party."

     **d.**     In designating Confidential Information, the Designating Party may designate discovery material as "CONFIDENTIAL" only if that party believes, reasonably and in good faith, that information contained therein satisfies the definition set forth in paragraph 1(a).

     **e.**     The designation of Confidential Information shall be made at the following time: (1) for documents, at the time of the production of the documents; (2) for written responses to interrogatories or requests for admissions, at the time of the written response; (3) for declarations and pleadings, at the time they are filed; (4) for deposition testimony, at the time of the testimony or within ten (10) business days after receipt by the Designating Party of the transcript of the deposition; and (5) for inspection of things or entry upon land or other property, prior to, or at the time of, the inspection or entry.

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**f.**      The designation of Confidential Information shall be made in the following manner:  (1) for documents, by placing the appropriate legend ("CONFIDENTIAL") on each page of such document; (2) for tangible objects, by placing the appropriate legend on the object or the container therefore, or if not practicable, as otherwise agreed; (3) for written responses to written interrogatories or requests for admissions, by placing the appropriate legend in the relevant responses and on the face of any such responses; (4) for declarations or pleadings, by placing the appropriate legend on the face or title page of the document; (5) for depositions, orally on the record during the deposition, and/or in writing if such designation is made within ten (10) business days from the Parties receipt of the transcript; and (6) for inspection of things or entry upon land or other property, by stating in writing at or prior to the inspection or entry that "CONFIDENTIAL" information will be disclosed by the inspection or entry and specifying in writing those parts of the things or those areas of the premises in which such information will be revealed.  A party producing information from its own files for inspection and selection for copying through its counsel may require that during the course of production such documents may only be reviewed by qualified persons under paragraph 5 of this Stipulation and Protective Order.

**g.**      It shall be the duty of the party seeking protection of Confidential Information to indicate to the other party and its attorney of record which of the materials and testimony are considered "CONFIDENTIAL."

**h.**      Each party retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations from that time forward.

**2.      Patient information.**

**a.**      All Parties agree that patient medical charts and records obtained from the patient's doctor and/or hospital shall be treated as Confidential Information.

**b.**      All Parties agree that Personal Patient Information is not required to be produced. To the extent such information is produced by a Party or third party, all Parties shall undertake their best efforts to protect such Personal Patient Information, including redacting such information from any filing or other disclosure.

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 04-CV-05429 CW**

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

c.       "Personal Patient Information" shall be interpreted to mean a patient's full name (but not their initials), social security number, address, phone number, fax number, e‑mail addresses, vehicle numbers, internet addresses, photographs, credit card numbers, birth dates, and/or any information that would allow members of the public to discover the identity of the patient (except for initials).

**3.       Resolution Of Disputes Regarding Designation Of Confidential Information.**

a.       In the event that any party takes issue with a designation of Confidential Information, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to meet and confer to resolve such dispute prior to the filing of any motion or other request for court intervention.

b.       In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information within 15 business days from the date the written notice of the dispute was mailed, the party disputing the designation may, by noticed motion, raise such issue with the Court.  The Designating Party shall bear the burden of establishing that the information is Confidential Information.

c.       A challenge to the propriety of a confidential designation may be made at any time.

**4.       Inadvertent Failure to Designate.**

Any party or third party who inadvertently fails to designate information as Confidential Information, or otherwise wishes to change the designation of confidentiality under this Stipulation and Protective Order, may later do so, and such document/information shall be treated by all other Parties as being so designated with confidentiality from the time of the notification in writing of the inadvertent designation.  A Party shall correct its failure to mark an item as Confidential Information in writing accompanied by substitute copies of each item, container or folder, appropriately marked "Confidential" pursuant to this Stipulation and Protective Order. The parties agree that the inadvertent disclosure of Confidential Information by the Designating Party in producing discovery, regardless of whether the information was designated as Confidential Information at the time of disclosure, shall not be treated as a waiver in whole or in

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject and each Party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information.

**5.    Access To Confidential Information.**

Access to documents marked "CONFIDENTIAL" shall be limited to, and only to, the following "Qualified Persons":

**a.**    "Outside counsel" (attorneys of record as representing any party in connection with this action, and their employees and staff), as long as such person is informed of the existence and contents of this Stipulation and Protective Order before such person is permitted access to any of the information or documents marked "CONFIDENTIAL."

**b.**    The following in-house legal staff only shall have access to Confidential Information relating to the subject matter described in sections i. – iv. below, as long as such person is informed of the existence and contents of this Stipulation and Protective Order before such person is permitted access to any of the information or documents marked "CONFIDENTIAL":

from Tercica:

Richard Love, Esq.

from Genentech:

Gary Loeb, Esq.
Hannah Yuen, Esq.
Dan Sherman, Patent Agent-Scientific Advisor
Eddie Wiitala (paralegal)

i.    the sections of Insmed's NDA, and any amendments thereto, identified in Attachment B to this Order;

ii.    preclinical and clinical trials relating to IGF-I, IGFBP-3, and/or any IGF-I/IGFBP-3 combination performed by or for Insmed or its successors, or by or for any other third party to the extent that Insmed is permitted to disclose that information;

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1         iii.    the manufacturing process used or intended to be used to supply Insmed

2    with IGF-I, IGFBP-3, and/or any IGF-I/IGFBP-3 combination, including the manufacturing

3    process used by Avecia and the process to be used at Insmed's Boulder, CO, facility;

4         iv.    the opinions of defendants' expert witnesses relating to the issues of

5    infringement or validity of the asserted patents, and any materials cited or relied upon by such

6    experts.

7        At the time of their production, Insmed shall identify all documents marked

8    "Confidential" that it determines in good faith are within categories ii. and iii.  The parties will

9    meet and confer in an attempt to resolve any dispute about the identification of documents and

10   information within categories ii. and iii.  If the parties are unable to resolve any such dispute

11   informally, Tercica may bring a motion for a determination by the Court that the disputed

12   documents or information are within categories ii. and iii.

13       The parties reserve the right to seek access by in-house persons to Confidential

14   Information not encompassed within this section on a case-by-case basis.  In such a case, the

15   party seeking access or exclusion must meet and confer with the other parties first, before

16   involving the Court, and the parties agree to consider such requests in good faith.

17       **c.**    Organizations or persons retained by Outside Counsel to provide litigation support

18   services in this action.  Before any such person is permitted access to any of the Confidential

19   Information, such person shall be informed of the existence and contents of this Stipulation and

20   Protective Order.  Examples of such consultants include jury trial consultants, graphic artists and

21   document processing, coding and copying services.

22       **d.**    Independent scientific and technical experts and consultants retained in this action

23   by Outside Counsel, in so far as Outside Counsel may deem it necessary for the preparation or

24   trial of this case to consult with such experts or consultants, provided that any such actual or

25   contemplated expert or consultant is not a current employee or current or prospective consultant

26   of any of the parties hereto, and is not a current employee of their respective counsel; and that any

27   such actual or contemplated expert or consultant complies with the requirements of paragraph 6

28   of this Stipulation and Protective Order.

**e.**      Mock jurors engaged by any consultant in preparation for trial, excluding, however, individuals who are officers, directors, or employees of a named party, or are owners of more than a two percent interest in a named party.  Any such person shall first agree in writing to be bound by this Stipulation and Protective Order, and such agreement shall be retained under counsel's control until final termination of this action.

**f.**      Such other person as hereafter may be designated by written agreement in this action or by order of the Court.

**g.**      The Court and those employed by the Court.

**6.      Disclosure To Experts.**

**a.**      Each independent expert and consultant referred to in paragraph 5(d) of this Stipulation and Protective Order to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as Attachment A, agreeing to be bound by the terms of this Stipulation and Protective Order.

**b.**      At least ten (10) business days prior to a party giving, showing, disclosing, making available or communicating Confidential Information to any expert or consultant, the party hiring such expert or consultant shall deliver to all other parties a copy of the affidavit signed by the person to whom Confidential Information is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office address, (iii) present employer, (iv) a brief job history for the past ten years; and (v) copy of the experts' up-to-date and current curriculum vitae.

**c.**      Any other party shall be entitled to object to such disclosure to the expert or consultant within seven (7) calendar days after service of the affidavit by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information.

**d.**      In the event of such an objection, no disclosure of Confidential Information shall be made to the expert or consultant for a period of seven (7) calendar days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or made only under certain conditions.  The objecting

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1  party shall have the burden of establishing grounds for barring the disclosure.  The objecting
2  party shall seek to have any such motion set for the earliest possible date on the Court's motion
3  calendar, and shall not be continued without the consent of all parties.  If no such motion is made
4  in such time and manner, Confidential Information may be disclosed to such expert or consultant
5  for the purposes and upon the conditions herein stated.  If such a motion is made, there shall be no
6  disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in
7  accordance with the ruling so made.  The filing and pendency of such motion shall not limit,
8  delay or defer any disclosures of the Confidential Information to persons as to whom no such
9  objection has been made, nor shall it delay or defer any other pending discovery unless the level
10 of confidentiality bears directly on the objecting party's ability to conduct such discovery.

11 **7.      Maintenance of Confidential Information By In-House Counsel.**

12         Any Confidential Information designated and produced by another party that is in the
13 possession of in-house legal staff of Tercica or Genentech shall be maintained in a secure location
14 to which only the individuals specifically designated in this Order shall have access.

15 **8.      Use Of Confidential Information Generally.**

16         **a.**      Confidential Information disclosed pursuant to this Stipulation and Protective
17 Order shall be used only for purposes of this action and shall be protected from any unauthorized
18 or unrelated use.

19         **b.**      Confidential Information shall be held in confidence by each person to whom it is
20 disclosed, shall be used solely in preparation for, and in, *ex parte* applications, noticed motions,
21 the conduct of discovery, preparing for and conducting the trial of this action only, and any post
22 trial or appeals, and shall not be used in any patent prosecution, regulatory work, or any business
23 or other purpose whatsoever, or in any other litigation, and shall not be disclosed to anyone
24 except as provided herein.

25         **c.**      All the parties to this Stipulation and Protective Order will take all reasonable
26 steps to insure that Personal Patient Information will be protected from disclosure to ensure the
27 patient's privacy rights.

28

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**9.     Use Of Confidential Information In Conduct Of This Action.**

**a.**     Confidential Information may be used by Outside Counsel in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Stipulation and Protective Order.

**b.**     Confidential Information may be disclosed to a witness not already allowed access to such information under this Stipulation and Protective Order only if:  (a) the Confidential Information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee; (b) the Designating Party is the witness or is a party for whom the witness is at the time of disclosure a director, officer, employee, consultant or agent; or, (c) Outside Counsel for the party designating the material as Confidential Information agrees that the material may be disclosed to the witness.

**c.**     If the Confidential Information is used in any deposition, then, at the option of the disclosing party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential.  In the event of disclosure under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by this Stipulation and Protective Order, may be present during the disclosure or discussion of Confidential Information.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of confidential status of the material so disclosed.

**d.**     Notwithstanding the parties' designation of Confidential Information, any court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required.  The disclosing party has the option to request that the proceeding shall be conducted in camera, out of the presence of all unqualified persons and any transcript relating thereto shall be designated as confidential.

10

**STIPULATED PROTECTIVE ORDER
CASE NO. 04-CV-05429 CW**

**10.     Filing Documents Under Seal.**

  **a.**  No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the court be filed in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement:

**"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."**

  If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the court place the filing under seal.

  **b.**  The parties agree that if a filing includes Confidential Information of another party or third party, they shall file a request that such filing be kept under seal.

**11.     Party's Own Information.**

  A party is free to do whatever it desires with its own Confidential Information and is not bound by this Stipulation and Protective Order with respect to the disclosure of its own Confidential Information.

**12.     Disclosure To Author Or Addressee.**

  Nothing herein shall prohibit a party, or its counsel, from disclosing a document which contains Confidential Information to the person who is an author, or is listed as an addressee or recipient of that document, or who had access to it while employed by one of the parties.

**13.     No Waiver.**

  Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Stipulation and Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party.  The procedure set forth herein shall not affect the rights of parties to object to discovery on grounds

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1   other than those related to trade secrets or proprietary information claims, nor shall it relieve a

2   party of the necessity of proper response to discovery devices.

3   **14.      No Probative Value.**

4          This Stipulation and Protective Order shall not abrogate or diminish any contractual,

5   statutory or other legal obligation or right of any party or person with respect to any Confidential

6   Information.  The fact that information is designated "Confidential Information" under this

7   Stipulation and Protective Order shall not be deemed to be determinative of what a trier of fact

8   may determine to be confidential or proprietary.  This Stipulation and Protective Order shall be

9   without prejudice to the right of any party to bring before the Court the question of:  (a) whether

10  any particular material is or is not confidential; (b) whether any particular information or material

11  is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c)

12  whether any particular information or material is or is not relevant to any issue of this case,

13  provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation

14  of all parties, the fact that information has been designated "CONFIDENTIAL" under this

15  Stipulation and Protective Order shall not be admissible during the trial of this action, nor shall

16  the jury be advised of such designation.  The fact that any information is disclosed, used or

17  produced in discovery or trial herein shall not be construed as admissible, or offered in any action

18  or proceeding before any court, agency or tribunal as evidence of or concerning whether or not

19  such information is confidential or proprietary.

20  **15.      Subpoena From Third Parties.**

21         In the event any party or nonparty having possession, custody or control of any

22  Confidential Information receives a subpoena or other process or order to produce such

23  information, such party or nonparty shall notify the attorneys of record of the party or nonparty

24  claiming such confidential treatment of the Confidential Information sought by such subpoena or

25  other process or order, shall furnish those attorneys of record with a copy of said subpoena or

26  other process or order, and shall cooperate with respect to any procedure sought to be pursued by

27  the party or nonparty claiming such confidential treatment.  The party or nonparty asserting the

28  confidential treatment shall have the burden of defending against such subpoena, process or order.

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1   The party or person receiving the subpoena or other process or order will not produce

2   Confidential Information so long as any motion or proceeding initiated to bar disclosure is

3   pending.

4   **16.   Inadvertent Production of Confidential Information.**

5          In the event that Confidential Information designated by the Designating Party in

6   accordance with paragraph 1, above, is disclosed by the disclosing party to any person other than

7   the Qualified Persons defined in paragraph 5 above, or is disclosed in any manner or for any

8   purpose inconsistent with the terms of this Stipulation and Protective Order, the party responsible

9   for the disclosure, within five (5) days of Outside Counsel's awareness of such disclosure, must

10  bring all pertinent facts relating to such disclosure to the attention of the Outside Counsel for the

11  Designating Party and without prejudice to the rights and remedies of the Designating Party,

12  make every reasonable effort to prevent further disclosure of it and prevent further disclosure by

13  each person who was the eventual recipient of the Confidential Information.

14  **17.   Inadvertent Production of Privileged Information.**

15         Inadvertent production of documents or information subject to the attorney client privilege

16  or work product immunity shall not constitute a waiver of such privilege.  After receiving notice

17  from the Designating Party that documents or information subject to the attorney client privilege

18  or work product immunity have been inadvertently produced, the receiving party shall not review,

19  copy or disseminate such documents or information.  The receiving party shall return such

20  documents or information to the Designating Party immediately.

21  **18.   Termination Of Litigation.**

22         Within 90 days of receipt of written notice of the final disposition of the above-entitled

23  case, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by

24  settlement, Outside Counsel:

25         **a.**      Shall return to the disclosing party, or its Outside Counsel, the Confidential

26  Information in their possession, custody or control or in the possession, custody or control of their

27  staff or shall destroy such information;

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**b.** Shall insure that all the Confidential Information in the possession, custody or control of their experts and consultants, is returned to the disclosing party, or its Outside Counsel, or is destroyed;

**c.** Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information provided;

**d.** Shall deliver to the disclosing party, or its Outside Counsel, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the Court for such further order as may be appropriate.

**e.** Notwithstanding the terms of this section, each Outside Counsel may retain one copy of all pleadings, discovery and work product.

**f.** Notwithstanding the foregoing, no person having access to Confidential Information shall be involved with or participate in patenting pertaining to the subject matter of the patents in suit, during this litigation and for a period of one year following the termination of this litigation, including any appeals. For the purposes of this section, "patenting" shall mean:

(i) preparing and/or prosecuting any application (or portion thereof) relating to the subject matter of the patents in suit, whether design or utility, and either in the United States or abroad;

(ii) preparing patent claim(s) relating to the subject matter of the patents in suit; and

(iii) providing advice, counsel or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to the subject matter of the patents in suit.

**19. Enforcement Of This Stipulation And Protective Order.**

This Stipulation and Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Stipulation and Protective Order beyond the conclusion of this action, unless this Stipulation and Protective Order is vacated.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1   **20.    Modification Of This Stipulation and Protective Order.**

2          In the event any party hereto seeks a court order that in any way seeks to vary the terms of

3   this Stipulation and Protective Order, said party shall make such request in the form of a written

4   stipulation, *ex parte* application, or noticed motion to all parties that must be served and filed in

5   accordance with court rules.

6   **21.    Counsel Rendering Advice to Their Clients.**

7          Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel

8   from rendering advice to their clients and, in the course thereof, relying generally on material

9   designated as "CONFIDENTIAL"; provided, however, that in rendering such advice counsel

10  shall not disclose, reveal, or describe the content of any material so designated except insofar as

11  allowed (if allowed at all) under the terms of this Stipulation and Protective Order.

12  August 29, 2005                          MCDERMOTT WILL & EMERY LLP

13

14                                           By:    _____
                                                    William G. Gaede, III

15                                           *Attorneys for Tercica, Inc.*

16

17  August 30, 2005                          HELLER EHRMAN LLP

18

19                                           By:    _____
                                                    M. Patricia Thayer

20                                           *Attorneys for Genentech, Inc.*

21

22  August 29, 2005                          FOLEY & LARDNER LLP

23

24                                           By:    _____
                                                    Larry L. Shatzer

25                                           *Attorneys for Insmed Incorporated. & Celtrix*
                                             *Pharmaceuticals, Inc.*

26

27

28

PURSUANT TO STIPULATION, IT IS SO ORDERED, **BUT SEE LOCAL RULE 79-5.**

DATED:_____   /s/ CLAUDIA WILKEN
      9/7/05            _____

                       Honorable Claudia Wilkin
                       United States District Court Judge

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., a Delaware Corporation, TERCICA, INC., a Delaware Corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>INSMED INCORPORATED, a Virginia Corporation, CELTRIX PHARMACEUTICALS, INC., a Delaware corporation,<br><br>             Defendants. | No.  04-CV-05429-CW<br><br>**AFFIDAVIT REGARDING RECEIPT OF CONFIDENTIAL INFORMATION** |

ATTACHMENT A

I, _____, declare that:

1.    A copy of my most recent curriculum vitae is attached hereto.

2.    My office address is_____, and my present employer is _____.

3.    My present occupation or job description is _____.

4.    For the past ten years, my employment history has been:

_____

_____

_____

5.    I have received a copy of the Protective Order Re Confidential Information (the "Protective Order") in this action.

McDERMOTT WILL & EMERY LLP<br>ATTORNEYS AT LAW<br>PALO ALTO

1   6.   I have carefully read and understand the provisions of the Protective Order, agree

2   to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of

3   any Confidential Information received under the protection of the Protective Order.

4   7.   I understand that I am to retain all copies of any of the materials that I receive

5   which have been so designated as Confidential Information in a container, cabinet, drawer, room

6   or other safe place in a manner consistent with the Protective Order and that all copies are to

7   remain in my custody until I have completed my assigned or legal duties.  I will return all

8   confidential documents and things which come into my possession or which I have prepared

9   relating thereto, to counsel for the party by whom I am retained.  I acknowledge that such return

10   or the subsequent destruction of such materials shall not relieve me from any of the continuing

11   obligations imposed upon me by the Protective Order.

12

13   I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct.

15   Executed this _____ day of _____, 200_, at _____, in the

16   State of _____.

17

18   _____

19   [SIGNATURE]

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

ATTACHMENT B

SELECTED SECTIONS FROM INSMED'S NDA FOR
DISCLOSURE TO IN-HOUSE COUNSEL

MODULE I ADMINISTRATION & PRESCRIBING INFORMATION

1.5     SECTION TITLE OMITTED

1.9     SECTION TITLE OMITTED

1.10    SECTION TITLE OMITTED

        1.10.1  SECTION TITLE OMITTED

1.12    SECTION TITLE OMITTED

MODULE 2  SUMMARIES AND REVIEW (All)

2.1     SECTION TITLE OMITTED

2.2     SECTION TITLE OMITTED

2.3     SECTION TITLE OMITTED

2.4     SECTION TITLE OMITTED

2.5     SECTION TITLE OMITTED

2.6     SECTION TITLE OMITTED

2.7     SECTION TITLE OMITTED

MODULE 3 INFORMATION AND PRODUCT QUALITY - CMC

3.1     SECTION TITLE OMITTED

3.2     SECTION TITLE OMITTED

        3.2.S        SECTION TITLE OMITTED

        3.2.S.1      SECTION TITLE OMITTED

        3.2.S.1.1    SECTION TITLE OMITTED

        3.2.S.1.2.   SECTION TITLE OMITTED

        3.2.S.1.3.   SECTION TITLE OMITTED

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

3.2.S.2.       SECTION TITLE OMITTED

3.2.S.2.1      SECTION TITLE OMITTED

3.2.S.2.2      SECTION TITLE OMITTED

3.2.S.2.6      SECTION TITLE OMITTED

3.2.S.3.       SECTION TITLE OMITTED

3.2.S.3.1      SECTION TITLE OMITTED

3.2.S.3.2      SECTION TITLE OMITTED

3.2.S.4.       SECTION TITLE OMITTED

3.2.S.4.1      SECTION TITLE OMITTED

3.2.P    SECTION TITLE OMITTED

3.2.P.1.        SECTION TITLE OMITTED

3.2.P.2.        SECTION TITLE OMITTED

3.2.P.3.        SECTION TITLE OMITTED

3.2.P.3.1      SECTION TITLE OMITTED

3.2.P.3.2      SECTION TITLE OMITTED

3.2.P.3.3      SECTION TITLE OMITTED

3.2.P.5.        SECTION TITLE OMITTED t

3.2.P.5.1      SECTION TITLE OMITTED

3.2.R          SECTION TITLE OMITTED

4.2.1    SECTION TITLE OMITTED

4.2.1.1         SECTION TITLE OMITTED

4.2.1.1.a       SECTION TITLE OMITTED

4.2.1.1.a.1.    SECTION TITLE OMITTED

4.2.1.1.a.2.    SECTION TITLE OMITTED

4.2.1.1.a.3.    SECTION TITLE OMITTED

4.2.1.1.a.4.    SECTION TITLE OMITTED

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

STIPULATED PROTECTIVE ORDER
CASE NO. 04-CV-05429 CW

4.2.1.1.a.5.          SECTION TITLE OMITTED

4.2.1.2.b          SECTION TITLE OMITTED

4.2.2.2.a          SECTION TITLE OMITTED

4.2.2.2.b.2          SECTION TITLE OMITTED

4.2.2.2.b.3          SECTION TITLE OMITTED

4.2.2.2.b.4          SECTION TITLE OMITTED

4.2.3.1.a          SECTION TITLE OMITTED

4.2.3.1.b.1          SECTION TITLE OMITTED

4.2.3.2.a          SECTION TITLE OMITTED

4.2.3.2.b          SECTION TITLE OMITTED

4.2.3.2.b.1          SECTION TITLE OMITTED

4.2.3.2.b.2          SECTION TITLE OMITTED

4.2.3.2.b.3          SECTION TITLE OMITTED

4.2.3.2.b.4          SECTION TITLE OMITTED

4.2.3.2.b.9          SECTION TITLE OMITTED

4.2.3.2.b.10          SECTION TITLE OMITTED

MODULE 5 CLINICAL STUDY REPORTS

5.1     SECTION TITLE OMITTED

5.2     SECTION TITLE OMITTED

5.3     SECTION TITLE OMITTED

5.3.1     SECTION TITLE OMITTED

5.3.1.1          SECTION TITLE OMITTED

5.3.1.2          SECTION TITLE OMITTED

5.3.1.2.1          SECTION TITLE OMITTED

5.3.1.3          SECTION TITLE OMITTED

5.3.2          SECTION TITLE OMITTED

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.3.3    SECTION TITLE OMITTED

5.3.4    SECTION TITLE OMITTED

5.3.5    SECTION TITLE OMITTED

5.3.7    SECTION TITLE OMITTED

5.4      SECTION TITLE OMITTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MPK 92461-8.073241.0011

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 04-CV-05429 CW**