UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>INSMED INCORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-04-5429 CW (EMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET PATENT LOCAL RULE 3-8 WILLFULNESS DISCLOSURE DATE FOR DECEMBER 1, 2005**<br>**(Docket No. 202)** |

    Plaintiffs have sued Defendants for patent infringement.  Currently pending before the Court is Plaintiffs' motion to set the Patent Local Rule 3-8 willfulness disclosure date for December 1, 2005.  Having considered the parties' briefs and accompanying submissions, the Court hereby DENIES the motion but orders that Defendants provide their willfulness disclosure either within 15 days of Judge Wilken's claim construction ruling *or* by July 31, 2006, whichever comes first.

**I.   DISCUSSION**

    Under Patent Local Rule 3-8, "[n]ot later than 50 days after service by the Court of its Claim Construction ruling, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall" produce the opinion(s) and related documents "as to which that party agrees the attorney-client or work product protection has been waived" and "[s]erve a privilege log identifying any other documents . . . relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection."  Pat. L.R. 3-8.  In this case, Judge Wilken has set a claim construction

hearing for May 19, 2006. Therefore, under Patent Local Rule 3-8, Defendants would not have to make a willfulness disclosure until some time after that date.

In their motion, Plaintiffs ask the Court to move up the willfulness disclosure date to December 1, 2005. Plaintiffs argue that the date should be moved up for several reasons but their main concern is that, if Defendants do not have to disclose until after May 19, 2006, then Plaintiffs would be barred from conducting any discovery on the advice-of-counsel defense as fact discovery closes on January 27, 2006, and expert discovery on March 24, 2006. Plaintiffs admit that Defendants have offered to allow for discovery to take place after the disclosure but contend that this solution is impractical because it would force Plaintiffs to conduct discovery on the eve of trial.[1]

In response, Defendants assert that they would be prejudiced if they had to make the willfulness disclosure before the claim construction ruling in contravention of the sequence contemplated by this District's Patent Local Rules.

The Court agrees with Defendants that the Patent Local Rules do contemplate a later rather than an earlier willfulness disclosure. The rules defer disclosure wherein an alleged infringer must elect whether to waive the attorney-client privilege by asserting the reliance-on-counsel defense to a claim of willful infringement. Under the rules, such a disclosure and election does not take place until after a claim construction ruling so that the alleged infringer will have the benefit of the claim construction ruling in making the important decision as to whether to rely on the advice-of-counsel defense. *Cf. Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991) (in discussing

---

[1] Plaintiffs also argue that, if Defendants do not have to disclose until some time after May 19, 2006, then Plaintiffs would not have critical information to evaluate damages in advance of the ADR session, which is set to take place before January 27, 2006. In addition, if Defendants do not have to disclose until some time after May 19, 2006, then Plaintiffs would be precluded from filing a summary judgment motion on willfulness as dispositive motions will be heard on May 19, 2006.

The Court does not find either argument especially compelling. First, Plaintiffs asked for an early ADR session. Moreover, even if the ADR session were to take place before the willfulness disclosure, Plaintiffs would not be without any information relevant to the issue of willfulness. Rather, the only information on willfulness that they would not have would be that related to the opinions of counsel. *See A.L. Hansen Mfg. Co. v. Bauer Prods., Inc.*, No. 03 C 3642, 2004 WL 1125911, at *3 (N.D. Ill. May 18, 2004) (noting that willfulness is determined based on the totality of the circumstances). Second, even if the willfulness disclosure were not made until after the hearing on the summary judgment motions, Plaintiffs could still ask leave of Judge Wilken to file a limited summary judgment motion on willfulness if they felt such was necessary.

whether there should be a separate trial on willfulness, noting that "[a]n accused infringer . . . should not, without the trial court's careful consideration, be forced to choose between waiving the [attorney-client] privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found"). Thus, the sequence preserved by the Patent Local Rules is significant.

On the other hand, Plaintiffs need to have sufficient time to conduct discovery on the advice-of-counsel defense (if asserted) and legitimately have concerns about whether the discovery needed can be completed adequately in advance of trial if Defendants do not have to make their willfulness disclosure until a full 50 days after the claim construction ruling. Plaintiffs estimate that discovery on the advice-of-counsel would take some two to three months (*e.g.*, to take the depositions of the authors of the patent opinions and the recipients, to prepare expert reports, and so forth).

Given these competing concerns, the Court will not order Defendants to make their willfulness disclosure by December 1, 2005, as requested by Plaintiffs. However, Defendants cannot be given a full 50 days after the claim construction ruling to make their decision on the advice-of-counsel defense. Rather, the Court orders Defendants to make their election on the defense within 15 days of Judge Wilken's claim construction ruling *or* by July 31, 2006, whichever comes first. This will assure that Plaintiffs will have a fair opportunity to conduct discovery on the advice-of-counsel defense, while maximizing the opportunity for Defendants to obtain a ruling on claim construction before making its willfulness disclosure.

///
///
///
///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to set the willfulness disclosure set to December 1, 2005, is denied. However, Defendants shall make their disclosure within 15 days of Judge Wilken's claim construction ruling *or* by July 31, 2006, whichever comes first.

This order disposes of Docket No. 202.

IT IS SO ORDERED.

Dated: November 23, 2005

EDWARD M. CHEN
United States Magistrate Judge