UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C-04-5429 CW (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO PERMIT DISCLOSURE OF TEST DATA AND RESULTS DESIGNATED AS CONFIDENTIAL (Docket No. 276)** |
| INSMED INCORPORATION, *et al.*, | |
| Defendants. | |
| _____/ | |

Defendants' motion came on for hearing on February 8, 2006. Having considered the papers filed in support of and in opposition to the motion and the argument of counsel, and good cause appearing therefor, the Court hereby GRANTS the motion.

The Court notes at the outset, that Defendants have, in the context of this motion, agreed to permit Plaintiffs to have the same access to portions of Insmed's laboratory notebooks that it is seeking by way of their motion with respect to Tercica's testing of Insmed's products. The issue is whether Defendants may have access to data and test results Plaintiffs provided in their initial expert reports on January 27, 2006 relating to whether Insmed's DNA sequence meets the hybridization requirements of the '287 patent.

The data and test result in question pertain primarily to Insmed's DNA sequencing, not Tercica's. Thus it is Insmed's alleged trade secrets that are primarily at issue in these documents. On the other hand, there may be some sensitive and proprietary information in the testing data such as other DNA sequencing selected by Tercica or its testing procedures. Balanced against this is the

need for Insmed to respond to Plaintiffs' expert report. In order to respond to the expert report, Defendants are entitled to underlying data which informed the opinions of Plaintiffs' experts.

As noted at the hearing, the Court concludes that the testing data and result shall be disclosed to Insmed employees and experts under protective order as part of this litigation. The parties shall meet and confer and agree on the individuals representing Insmed entitled to see this data in order to safeguard the Plaintiffs' security concerns while permitting Defendants a fair opportunity to respond to the expert reports.

Dr. Mascarenhas, who is not an expert in this case but a percipient witness who conducted the initial testing several years ago, shall not have access to Plaintiffs' testing data. He is the head of five biotechnology companies, one of which provides DNA sequencing services. Balanced against the risk of competitive harm to Plaintiffs is the fact that as a percipient witness to testing occurring years before, there is no substantial need to show the new testing data to Dr. Mascarenhas. Defendants have their own experts to respond to the new testing data, and if necessary in preparing their rebuttal, they can obtain information from Dr. Mascarenhas about his testing efforts. Dr. Mascarenhas is not qualified to testify about Plaintiffs' testing procedure. Nor does he need the new data to prepare his testimony at trial. His testimony will focus on his own testing years before, and cross-examination will be limited to the scope of the direct. Defendants have failed to demonstrate any substantial reason why Dr. Mascarenhas needs this new testing data.

The parties agreed at the hearing that in light of the Court's ruling, there is no need to alter the expert report disclosure schedule.

This order disposes of Docket No. 276.

IT IS SO ORDERED.

Dated: February 9, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge