MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
ANDREW A. KUMAMOTO (178541)
akumamoto@mwe.com
DAVID L. LARSON (112342)
dlarson@mwe.com
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

*Attorneys for Tercica, Inc.*

HELLER EHRMAN LLP
M. PATRICIA THAYER (90818)
patricia.thayer@hellerehrman.com
ETHAN C. GLASS (216159)
ethan.glass@hellerehrman.com
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6794
Facsimile: (415) 772-6268

*Attorneys for Genentech, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GENENTECH, INC., a Delaware corporation, TERCICA, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INSMED INCORPORATED, a Virginia corporation, CELTRIX PHARMACEUTICALS, INC., a Delaware corporation, and INSMED THERAPEUTIC PROTEINS, a Colorado corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No. C-04-5429 CW (EMC)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MARCH 1, 2006, SUPPLEMENTAL REBUTTAL EXPERT REPORT OF CHRISTOPHER A. MAACK, PH.D. ON CLAIM CONSTRUCTION AND NON-INFRINGEMENT**<br><br>Date: TBD<br>Time: TBD<br>Location: Courtroom C, 15th Floor<br><br>Honorable Edward M. Chen |

***PUBLIC VERSION***

MPK 105155-2.073241.0011

PLAINTIFFS' MOTION TO STRIKE
MARCH 1 REBUTTAL MAACK REPORT
CASE NO. C-04-5429 CW (EMC)

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 3

    A. The Parties Have Been Proceeding Under the Court Ordered Deadlines for Expert Reports ......................................................................................................... 3

    B. Defendants' Disclose on February 24    *REDACTED* *REDACTED* ............................................................................................................. 4

    C. Defendants Serve on March 1, 2006, the March 1 Rebuttal Maack Report and Refuse To Withdraw It ................................................................................... 5

    D. Defendants Had An Opportunity    *REDACTED* ............... 5

    E. Defendants Had An Opportunity To Review Ms. Montgomery's Experiments ............................................................................................................ 6

III. ARGUMENT ..................................................................................................................... 7

    A. The Opinion Disclosed in the March 1 Rebuttal Maack Report Was Not Timely Under Rule 26(a)(2)(C) .............................................................................. 7

    B. Pursuant to Rule 37 Defendants' March 1 Rebuttal Maack Report Should Be Stricken ............................................................................................................. 9

IV. CONCLUSION ................................................................................................................ 11

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

- i -

PLAINTIFFS' MOTION TO STRIKE
MARCH 1 REBUTTAL MAACK REPORT
CASE NO. C-04-5429 CW (EMC)

# TABLE OF AUTHORITIES

Page

**CASES**

*Akeva LLC v. Mizuno Corp.*
   212 F.R.D. 306 (M.D.N.C. 2002) ............................................................................................... 7

*DAG Enterprises, Inc. v. Exxon Mobil Corp.*
   226 F.R.D. 95 (D.D.C. 2005) ....................................................................................................... 7

*Keener v. U.S.*
   181 F.R.D. 639 (D. Mont. 1998) ..................................................................................... 7, 8, 9, 10

*Reid v. Lockheed Martin Aeronautics Co.*
   205 F.R.D. 655 (N.D. Ga. 2001) .................................................................................................. 7

*Wanderer v. Johnston*
   910 F.2d 652 (9th Cir. 1990) ........................................................................................................ 9

*Wendt v. Host Int'l, Inc.*
   125 F.3d 806 (9th Cir. 1997) ........................................................................................................ 9

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................... 1, 2, 8, 9

Fed. R. Civ. P. 26(a) ................................................................................................................. 7, 9

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................................... 7

Fed. R. Civ. P. 26(e) ........................................................................................................ 1, 2, 3, 7, 8

Fed. R. Civ. P. 26(e)(1) ................................................................................................................ 7

Fed. R. Civ. P. 37 ..................................................................................................................... 1, 10

Fed. R. Civ. P. 37(c) ..................................................................................................................... 7

Fed. R. Civ. P. 37(c)(1) ............................................................................................................. 7, 9

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1   TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE THAT pursuant to Rule 26 and 37 of the Federal Rules of Civil Procedure, on a date to be set by the Court, Plaintiffs TERCICA, INC. ("Tercica") and GENENTECH, INC. ("Genentech")(referred hereinafter collectively as "Plaintiffs") will and hereby do move this Court for entry of an order striking Defendants' Supplemental Rebuttal Expert Report of Christopher A. Maack, Ph.D. on Claim Construction and Non-Infringement ("March 1 Rebuttal Maack Report"), dated March 1, 2006.

Good cause exists for said relief in that Defendants were required to submit their rebuttal expert reports by February 24, 2006, in accordance with the Court's June 17, 2005, Case Management Order. Having submitted a 31 page rebuttal report by Dr. Maack on February 23, 2006 (served on February 24, 2006), on March 1, 2006, Defendants served the March 1 Rebuttal Maack Report, opining primarily on information Defendants already covered in their February 24, 2006, Rebuttal Expert Report of Todd B. Parsley. Defendants' failure to comply with the Court's Order is not harmless in that it burdens Plaintiffs and their experts with considering and responding to this late-served report, and seeks to abrogate the Court's carefully considered Case Management Order. Defendants have refused to withdraw the untimely March 1 Rebuttal Maack Report despite Plaintiffs' requests to do so. Having violated Rule 26, Defendants should be barred from using the testimony contained in the March 1 Rebuttal Maack Report.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Under Rule 37, untimely expert testimony is to be stricken. After the Court's February 24, 2006, deadline for rebuttal expert reports, on March 1, 2006, without having raised the issue with the Court or with Plaintiffs, Defendants sent a terse e-mail attaching the March 1 Rebuttal Maack Report. Defendants claim the report is a proper "supplementation" under Rule 26(e) of Dr. Maack's 31 page February 23, 2006, Rebuttal Expert Report. That Rule, however, does not confer a broad right to supplement expert reports. Rather, the Rule permits supplementation only to correct inaccuracies or adding information that is not available at the time of the initial report. The March 1 Rebuttal Maack Report satisfies neither of these limited grounds.

First, the March 1 Rebuttal Maack Report does not correct inaccuracies, but instead adds new opinions.

Second, the March 1 Rebuttal Maack Report contains opinions *REDACTED* *REDACTED* by Defendants *REDACTED* The Parsley data is not new information within the meaning of Rule 26(e) on several grounds:

- The Parsley data existed on and prior to February 24, 2006, but was simply not provided to Dr. Maack. The fact that Defendants made the tactical choice not to share the data with Dr. Maack in a timely fashion does not qualify the data as new or unavailable.
- *REDACTED*

  *REDACTED* The fact that Defendants made the tactical decision to wait until the last moment to generate data does not justify violating the Court's Case Management Order when the generation of that data was solely in their control.
- *REDACTED* Confidential Pursuant to Protective Order

  *REDACTED* Again, the tactical choice of Defendants does not create a right to supplement under Rule 26.
- Finally, treating this data as "new" turns expert discovery into a game where a party can withhold its own information from its experts, and then give it to them after the report deadline, and claim the right to supplement. Nothing in Rule 26(e) supports that result.

*REDACTED* Confidential Pursuant to Protective Order

"'287 Patent"). In addition, Defendants submitted 14 pages of Dr. Maack's opinions on

noninfringement of the '287 Patent in his (timely) February 23, 2006, report.   *REDACTED*

*REDACTED* Confidential Pursuant to Protective Order

Finally, Dr. Maack's additional opinions on the January 27, 2006, Report by Lori Montgomery submitted by Plaintiffs are likewise improper supplementation. Dr. Maack's February 23 Report already contained five pages of alleged criticisms on the experiments Ms. Montgomery performed. Further, he had the data necessary to generate by the Court deadline the additional opinions on Ms. Montgomery's Report, but failed to do so. Defendants have not shown that Dr. Maack was unable to render all his opinions by February 24.

Defendants contend that Plaintiffs have suffered no prejudice by their gamesmanship. That is not the case. Plaintiffs are preparing for expert depositions to be completed by March 24, 2006. Thus, Plaintiffs will be required to expend time and resources preparing to depose Dr. Maack on his improper supplementation, including having Plaintiffs' experts review and provide analysis on these late opinions.

At the end of the day, failing to adhere to the Court deadlines for information in Defendants' control makes a mockery of the Court's and the parties' right to rely on those deadlines. Defendants have failed to make the proper showing under Rule 26(e) for supplementation. Accordingly, Plaintiffs request that the March 1 Rebuttal Maack Report be stricken.

## II.   STATEMENT OF FACTS

### A.   THE PARTIES HAVE BEEN PROCEEDING UNDER THE COURT ORDERED DEADLINES FOR EXPERT REPORTS

This case has been pending since December 23, 2004. The June 17, 2005, Case Management Order required the parties to serve opening expert reports on issues for which each party has the burden of proof on or before January 27, 2006. Rebuttal expert reports were due on or before February 24, 2006. (*See* Declaration of William G. Gaede, III in Support of Plaintiffs'

Motion To Strike Defendants' Supplemental Rebuttal Expert Report of Christopher A. Maack, Ph.D. on Claim Construction and Non-Infringement and in Support of Plaintiffs' Motion to Shorten Time for Hearing on Motion To Strike ("Gaede Decl."), Exh. 1.) In accordance with this Order, on January 27, 2006, Plaintiffs served the expert reports of Dr. Charles Roberts opining, *inter alia*, on Defendants' infringement of the '287 Patent. \*REDACTED\*

\*REDACTED\* Plaintiffs further submitted expert reports by Ms. Montgomery and Jeremy Minshull, Ph.D. reporting on the details of the work performed establishing infringement.[1]

B. **DEFENDANTS' DISCLOSE ON FEBRUARY 24** \*REDACTED\*
\*REDACTED\*

On February 24, 2006, Defendants served rebuttal expert reports, including a 31 page rebuttal report by Dr. Maack opining, *inter alia*, on Ms. Montgomery's Report. (Gaede Decl., Exh. 2.) \*REDACTED\*

\*REDACTED\* Confidential Pursuant to Protective Order

\*REDACTED\* At no point in time did Defendants ask Plaintiffs for an extension to the Court ordered deadline for rebuttal reports, nor alert them that Dr. Maack was leaving for vacation on February 23, 2006.

\*REDACTED\*

\*REDACTED\* Asserted Claim 1 states:

> 1. An isolated DNA molecule comprising *a sequence that hybridizes*, under stringent conditions of 50% formamide with 0.75M NaCl and 0.075M sodium citrate, at 42° C., to the portion of the DNA sequence of FIG. 3 coding for mature BP53 or the preprotein for BP53 and which encodes a BP53 protein that binds to IGF-I or IGF-II, excluding BP28, PP12, and HEP-G2.

\*REDACTED\* Confidential Pursuant to Protective Order

---

[1] The Court will recall that these experiments were at issue last month in Defendants' motion on whether that data could be disclosed to Insmed and to Dr. Mascarenhas. At that hearing, Defendants did not assert that they did not have all of the information they needed to analyze Ms. Montgomery's experiments.

MCDERMOTT WILL & EMERY LLP ATTORNEYS AT LAW PALO ALTO

*REDACTED* (Parsley Report at ¶¶ 31-32, Gaede Decl., Exh. 3.)   *REDACTED* Confidential Pursuant to Protective Order

*REDACTED* (Gaede Decl., Exh. 7.)

### C. DEFENDANTS SERVE ON MARCH 1, 2006, THE MARCH 1 REBUTTAL MAACK REPORT AND REFUSE TO WITHDRAW IT

Without any advance notice, on the afternoon of March 1, 2006, Plaintiffs received the following e-mail from Defendants:

> Bill, Ethan,
>
> Please see the attached supplemental report from Christopher Maack.
> A color copy will follow by FedEx.

(Gaede Decl., Exh. 4.)   *REDACTED*

*REDACTED* (Gaede Decl., Exh. 4.)

On March 2, 2006, Plaintiffs asked Defendants to withdraw the March 1 Maack Rebuttal Report, citing authorities. (Gaede Decl., Exh. 5.) On March 3, 2006, Defendants rejected the request but did not dispute the authorities cited, contending only that Plaintiffs were not prejudiced. (Gaede Decl., Exh. 6.)

### D. DEFENDANTS HAD AN OPPORTUNITY TO REVIEW   *REDACTED*

*REDACTED* Confidential Pursuant to Protective Order

*REDACTED* Confidential Pursuant to Protective Order

### E. DEFENDANTS HAD AN OPPORTUNITY TO REVIEW MS. MONTGOMERY'S EXPERIMENTS

Defendants state that Dr. Maack did not have access to Ms. Montgomery's experiments until Friday, February 17, 2006, one week prior to the deadline for rebuttal expert reports.  *REDACTED*

*REDACTED* Confidential Pursuant to Protective Order

*REDACTED*   (*See* Declaration of Cora Schmid in Support of Plaintiffs' Motion To Strike Supplemental Rebuttal Expert Report of Christopher A. Maack, Ph.D. ("Schmid Decl."), ¶¶ 2-3.) Defendants have not made a showing that they were unable to perform such tasks prior to the February 24, 2006 deadline.

## III. ARGUMENT

### A. THE OPINION DISCLOSED IN THE MARCH 1 REBUTTAL MAACK REPORT WAS NOT TIMELY UNDER RULE 26(a)(2)(C)

Rule 26(e)(1) provides a limited exception to the deadline provision in Rule 26(a)(2)(C), requiring an expert witness to supplement his report if he learns in some material respect the information disclosed is incomplete or inaccurate and if the additional or corrective information has not been made known to the other parties during discovery process or in writing. Fed. R. Civ. P. 26(e)(1). Under Federal Rule of Civil Procedure 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) shall not, unless such failure is harmless, *be permitted to use as evidence at a trial any information not so disclosed.*" Fed. R. Civ. P. 37(c) (emphasis added).

Rule 26 does not permit parties to file supplemental reports whenever they believe such reports would be desirable or even necessary to their case. Rather, the Rule permits supplemental expert reports only for the narrow purpose of correcting inaccuracies or adding information that is not available at the time of the initial report. *Keener v. U.S.*, 181 F.R.D. 639, 640 (D. Mont. 1998). *See also Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (Rule 26 does not, however, bestow upon litigants unfettered freedom to rely on supplements produced after court-imposed deadlines, even if the rule's pretrial time limit is satisfied. In short, Rule 26 imposes a duty on a party; it grants a party no right to produce information in a belated fashion.); *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95 (D.D.C. 2005) (Obligation to supplement clearly does not give a right to ignore Court deadlines or generate new expert reports); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation.).

*Keener* is illustrative of the narrow exception Rule 26(e) provides for late expert reports. There, the Defendants filed their "supplemental" report two months after the deadline but well before the trial. As here, the defendants attempted to bring their supplemental report within the parameters of Rule 26(e) by styling it as "supplemental" to previous disclosures. *Keener*, 181

1    F.R.D. at 642. The court found that the disclosure was not really a supplemental disclosure and
2    should have been included in the initial disclosure, stating that "the disingenuous effort does not
3    comply with the intent of Rule 26 or of this Court's scheduling order." *Id.* at 640.
4         The March 1 Rebuttal Maack Report likewise does not comply with the letter or intent of
5    Rule 26. First, Defendants' March 1 Rebuttal Maack Report does not attempt to correct
6    inaccuracies in Dr. Maack's previous reports.
7         Second, Defendants' March 1 Rebuttal Maack Report does not add information that was
8    not available to Defendants as of the February 24 rebuttal date.    *REDACTED*
9             *REDACTED* Confidential Pursuant to Protective Order
10        *REDACTED*       Dr. Parsley is Defendants' own expert, and the fact that
11   Defendants' counsel made the tactical decision to withhold    *REDACTED*
12   information from Dr. Maack does not justify claiming that this was unavailable information under
13   Rule 26(e). Further, nothing prevented Dr. Maack from including in his February 23 Report the
14             *REDACTED* Confidential Pursuant to Protective Order       other than
15   Defendants' counsel's intentional decision not to give it to Dr. Maack.
16        Third,    *REDACTED*       the information was available to
17   Defendants, and Defendants took no action to seek a court extension given Dr. Maack's apparent
18   leaving for vacation on February 23, 2006.
19        Fourth, Defendants have made no showing of why Dr. Parsley was unequipped to render
20   in his February 24 Report the opinions Dr. Maack provided on March 1. Defendants did have an
21   expert available to opine on the issues in compliance with the Case Management Order
22        Fifth, in any event, Dr. Parsley did opine in his February 24 Report *REDACTED
23            *REDACTED* Confidential Pursuant to Protective Order
24    *REDACTED*    Therefore, Defendants already have expert testimony on this area,
25   alleviating any prejudice their own conduct caused. There is no justification for simply
26   attempting to bolster that opinion without a proper Rule 26(e) showing.
27        Sixth, the record is clear that any delay was due to Defendants' own failure *REDACTED
28            *REDACTED* Confidential Pursuant to Protective Order

MPK 105155-2.073241.0011                    8                    PLAINTIFFS' MOTION TO STRIKE
                                                                 MARCH 1 REBUTTAL MAACK REPORT
                                                                 CASE NO. C-04-5429 CW (EMC)

*REDACTED* Confidential Pursuant to Protective Order

*REDACTED* Information generated at the last second due to a party's lack of diligence is not the type of unavailable information that Rule 26 contemplates.

Finally, since January 27, 2006, Defendants had knowledge of and the data relating to Ms. Montgomery's experiments. Most of the information was attached to that Report, and Plaintiffs complied with all other of Defendants requests. *REDACTED*

*REDACTED* Confidential Pursuant to Protective Order

*REDACTED* (See Schmid Decl., ¶¶ 2-3.) Nothing prevented Dr. Maack from including that analysis in his February 23, 2006, Rebuttal Expert Report other than again, tactical decisions by Defendants.

Defendants are attempting to circumvent court-imposed deadlines by inaccurately characterizing the March 1 Rebuttal Maack Report as a supplemental report when in fact it is introducing new opinions that could have and should have been rendered by February 24, 2006.

**B. PURSUANT TO RULE 37 DEFENDANTS' MARCH 1 REBUTTAL MAACK REPORT SHOULD BE STRICKEN**

Defendants' delays should not be overlooked if this Court's scheduling orders are to have any significant meaning. A party that without substantial justification fails to disclose information required by Rule 26(a) shall not, unless such failure is harmless, be permitted to use as evidence at a trial any information not so disclosed. Fed. R. Civ. P. 37(c)(1).

The Ninth Circuit has a five part test to apply to a situation where exclusion of testimony is imposed as a sanction for a violation of Rule 26. *See Wendt v. Host Int'l., Inc.,* 125 F.3d 806, 814 (9th Cir. 1997). The test requires a Court to analyze: (1) the public's interest in expeditious resolution of litigation; (2) a court's need to manage its docket; (3) risk of prejudice to the submitting party; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990).

Applying these criteria, with respect to the first factor, the *Keener* court stated, "The public and the parties have an interest in expeditious resolution of litigation. Requiring the

parties to comply with the Rules of Civil Procedure and with the court's scheduling order promotes achieving such goals by eliminating the need for continuances." 181 F.R.D. at 642. Likewise, the public, Plaintiffs and Defendants in this case have an interest in expeditious resolution of litigation.

With respect to the second and third factors, the *Keener* court stated, "Setting forth deadlines allows a court to manage its docket; defendants did not request an extension within which expert disclosure could be submitted. There is no indication that the parties stipulated to an extension of time to file expert disclosures." *Id.* Similarly, Defendants did not ask for an extension of time and the parties did not stipulate to an extension of time to file expert disclosures.

Considering the fourth factor, the *Keener* court stated, "Public policy favors disposition of cases on their merits, **but that policy has a procedural** as well as a substantive component." *Id.* (emphasis added). Defendants in *Keener* submitted their untimely report well before trial. *Id.* The court concluded procedural errors could not be overlooked if the scheduling order and the Federal Rules of Civil Procedure are to have significant meaning. *Id.*

Lastly, the *Keener* court found a less drastic sanction. In considering the fifth factor the court concluded, "complete exclusion of Dr. Lyden's testimony is not warranted, and therefore the less drastic sanction of limiting Dr. Lyden's testimony to that which was initially disclosed is appropriate." *Id.* Similarly, Dr. Maack's testimony can be limited to that which was disclosed in his initial expert report and his February 23 rebuttal expert report.

The record here of delaying *REDACTED* intentionally withholding information from Dr. Maack, all resulting in violation of the Court's Case Management Order, is not the type of circumstance that warrant relief from Rule 37's stated sanction of striking untimely expert testimony.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court strike the March 1 Rebuttal Maack Report.

Dated: March 7, 2006

MCDERMOTT WILL & EMERY LLP

By: _____
William G. Gaede, III

*Attorneys for Tercica, Inc.*

Dated: March 7, 2006

HELLER EHRMAN LLP

By: _____
M. Patricia Thayer

*Attorneys for Genentech, Inc.*