UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C-04-5429 CW (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 23, 2006 ORDER** |
| INSMED INCORPORATION, *et al.*, | |
| Defendants. | **(Docket No. 309)** |

The Court **GRANTS** Plaintiffs' motion for leave to file a motion for reconsideration. It hereby **DENIES** the motion for reconsideration.

The Court has reviewed the two documents submitted for *in camera* review. The Court hereby orders that Document GTI 019 0023351 be produced subject to redaction of all text in the paragraphs *except* for paragraphs two (starting with "There are no published reports . . ."), the bolded quote that follows, and paragraph three (starting with "The wording is vague."). These excepted paragraphs and the bolded headings and subheadings throughout the document shall remain unredacted. The study by Talkington-Verser *et al.* is the only study referred to in GTI 019 0023351 that is cited in the '151 specification (Col. 2, lns. 44-69). Neither the other BioGrowth studies nor the patents cited in that paragraph of the specification are discussed in the document. Hence, except for the discussion of the Talkinton-Verser study, the slight probative value, if any, of this document does not justify overcoming the attorney-client privilege. *U.S. v. Zolin*, 491 U.S. 554, 572 (1989) (public disclosure works a more substantial intrusion than *in camera* review).

Document GTIP 019 0008933 shall not be produced as the relevant redacted notations are those of patent counsel, not Dr. Clark. The redacted notes appears to have little probative value as to the issues of Dr. Clark's state of mind and knowledge raised by Defendants.

The redacted version of GTI 019 0023351 shall be produced within five days of this Order. This order disposes of Docket No. 309.

IT IS SO ORDERED.

Dated: March 9, 2006

EDWARD M. CHEN
United States Magistrate Judge

2