United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C-04-5429 CW (EMC) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE SUPPLEMENTAL REBUTTAL EXPERT REPORT OF CHRISTOPHER A. MAACK** |
| INSMED INCORPORATION, *et al.*, | |
| Defendants. _____/ | **(Docket Nos. 311, 346)** |

The Court has reviewed the instant dispute (Docket No. 311) briefed by the parties in a joint letter (Docket No. 346) to the Court dated March 10, 2006. Having considered the arguments and materials submitted, and good cause appearing therefor, the Court **DENIES** Plaintiffs' motion to strike the supplemental rebuttal expert report of Christopher A. Maack (Docket No. 311).

As set forth in the authority cited by Plaintiffs, the issue is properly analyzed under the five factor test set forth in *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), cited in *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

First, regarding the public's interest in expeditious resolution of litigation, permitting the filing of the supplemental report three (3) business days after the scheduled deadline will not materially delay this litigation, especially given the limited focus of the supplemental report.

Second, although the deadlines imposed by the Court must be taken seriously, the delay here is slight. While Defendants' excuse is not particularly compelling (a large part of the reason for the delay turns on the last minute filing of another of its own experts and Dr. Maack's personal schedule), there was no wilful intent or bad faith attempt to flout the Court's order.

1    Third, there is little risk of any significant prejudice to the Plaintiffs. Plaintiffs have received
2 the supplemental report with ample time to prepare for Dr. Maack's deposition. If they need
3 additional time, a stipulation should be sought and granted. Plaintiffs' expert, Dr. Roberts, has had
4 more than two weeks to consider the supplemental report in preparation for his deposition so he is
5 not prejudiced. Plaintiffs have failed to demonstrate how the delay will materially impair their
6 ability to timely prepare their summary judgment motions and claim construction briefs.

7    Fourth, public policy favors disposition of cases on their merits. This cuts in favor of
8 permitting the supplemental report.

9    Fifth, there are less drastic sanctions than preclusion of the report and its potential
10 concomitant affect of delimiting the scope of Dr. Maack's testimony at trial. In particular, the Court
11 will award reasonable fees and costs incurred by Plaintiffs in bringing this motion. The motion was
12 a reasonable response caused by Defendants' tardy submission of the supplemental report.

13    This case is distinguishable from *Keener*. As the court stated: "The difference between the
14 two disclosures is dramatic. The second disclosure provides opinions that go to the heart of the case.
15 The first is tantamount to a non-opinion." 181 F.R.D. at 641. The second report was not a
16 supplement that could be characterized as "correcting inaccuracies, or filling the interstices of an
17 incomplete report based on information that was no available at the time of the initial disclosure."
18 *Id*. at 640. The defendant in *Keener* sought to gain a tactical advantage by lying in wait until after
19 the plaintiff disclosed his expert opinions. *Id*. at 641. In the instant case, there was no such dramatic
20 difference. The supplemental report may fairly be characterized as "filling the interstices" based on
21 late information received from Dr. Parsley's report and the late disclosed information about
22 Plaintiffs' hybridization experiments. The basic sequence of disclosures was not altered so
23 Defendants did not gain a tactical advantage.

24 ///
25 ///
26 ///
27 ///
28 ///

1   For these reasons, Dr. Maack's supplemental report is permitted. Plaintiffs may submit a
2   declaration regarding fees and costs within seven (7) days of this order.
3   This order disposes of Docket Nos. 311 and 346.

5   IT IS SO ORDERED.

7   Dated: March 13, 2006

EDWARD M. CHEN
United States Magistrate Judge

3