UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C-04-5429 CW (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL REOPENING THE DEPOSITION OF WILLIAM WOOD** |
| INSMED INCORPORATION, *et al.*, | |
| Defendants. _____/ | **(Docket No. 330)** |

The Defendants' motion to compel the further or reopening of the deposition of Dr. William Wood came on for hearing on April 12, 2006. Having considered the papers filed in support of and in opposition to the motion and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** the motion in part.

Plaintiff does not seriously contend that the deposition question posed to Dr. Wood – "Do you know why you're an inventor on the patent?" – directly implicates the attorney-client privilege. As established in the foundational voir dire conducted by counsel for Defendants, Dr. Wood had not discussed this issue in this case with any attorney. At most, Dr. Wood intimated that he has a "general" understanding as to why people are named as inventors on patents as a result of previous conversations involving attorneys, but those conversations were not in connection with this case. The relationship between his understanding as it pertain to his inventorship on the '287 patent and any prior conversations with attorneys about inventorship generally is extremely attenuated. His testimony regarding the '287 patent will not necessarily reveal the content of any specific attorney-client communication. In fact, Plaintiff has stated it is willing to allow Dr. Wood to answer the

1  question and provide factual information in regard thereto if Defendants agree not to use any such
2  testimony to claim a waiver of a privilege.

3  Rather than asserting a direct privilege, Plaintiff argues that by answering the question (and
4  reasonable follow up) Dr. Wood would be testifying as to his state of mind and that this would open
5  the door for a future waiver claim, citing the previous dispute over Dr. Clark's deposition testimony
6  on the '151 patent and this Court's order of February 23, 2006 requiring *in camera* review and
7  subsequent order of March 9, 2006 ordering production of one redacted document. Plaintiff seeks to
8  prevent any such prospective waiver by stopping Dr. Wood from even opening the door via his
9  testimony, at least until Judge Wilken has ruled on Plaintiff's objections to this Court's order.

10  The Court declines to do so.  First, there is no dispute that the question seeks relevant
11  information relating to the identity of the '287 patent's correct inventors.  Nor is there any dispute
12  that the information sought in the first instance is not privileged since it would not reveal any
13  privileged attorney-client communication.  Thus, the information sought is relevant, non-privileged,
14  and discoverable under Rule 26(b).  Plaintiff's counsel forthrightly conceded at the hearing that he
15  has not been able to find any case supporting the position that a party may block otherwise
16  discoverable matters simply because it might eventually lead to a claim of waiver.   There is no legal
17  basis for Plaintiff's position.

18  Second, the risk of waiver is attenuated here.  Neither side can point to any communication
19  between Dr. Wood and counsel that is being sought and which might be subject to a waiver
20  agreement.  This stands in contrast to Dr. Clark's situation where there were communications with
21  counsel clearly falling within the attorney-client privilege and subject to a waiver argument.

22  Third, Plaintiff overstates the risk of waiver.  Even if there were a specific communication
23  put at risk of a waiver argument as a result of Dr. Wood's testimony, waiver would not follow
24  automatically from such testimony.  The legal issue implicated here is not fraud or inequitable
25  conduct, but proper identification of inventorship.  The former directly implicates concerns of
26  fairness in permitting an opposing party an opportunity to refute exculpatory assertions as to state of
27  mind otherwise irrefutable.  *General Electric Company v. Hoechst Celanses Corp.*, 1990 U.S. Dist.
28  Lexis 14106 (D. Del. 1990) at *25 ("fairness requires that defendants be allowed to uncover

foundations for GE's assertions"); *Starsight Telecast, Inc. v. Gemstar Development Corp.*, 158 F.R.D. 653, 655 (N. D. Cal. 1994) ("applying the rule of fairness"). *Cf. Laser Industries, Ltd. v. Reliant Technologies, Inc.*, 167 F.R.D. 417, 447 (N.D. Cal. 1996) (although rejecting waiver argument, holds it would be "unfair" for attorneys to testify at trial without giving opponent opportunity to examine confidential communications to confirm or refute). Such fairness concerns are less obvious in the context of inventorship determination. It may be that a different, more rigorous standard for waiver applies in this context.

Plaintiff's concerns are further exaggerated because even in the context of waiver where fraud or inequitable conduct is asserted, affirmative testimony about state of mind (beyond mere denial of inequitable conduct) that leads to *in camera* review (as this Court held it its February 23, 2006 order), does not necessarily result in disclosure. The waiver exception still must be narrowly construed and applied in determining whether documents should actually be disclosed. *Starsight Telecast, Inc.*, 158 F.R.D. at 655. The court still must determine "if facts relevant to a particular, narrow subject matter have been disclosed in circumstances in which it would be unfair to deny the other party an opportunity to discover other relevant facts with respect to that subject matter." *Id., quoting Hercules, Inc. v. Exxon Corp.*, 424 F. Supp. 136 (D. Del. 1977). The court must consider "the subject matter of the documents disclosed, balanced by the need to protect the frankness of client disclosure and to preclude unfair partial disclosures." *Id., quoting American Standard, Inc. v. Pfizer Inc.*, 229 U.S.P.Q. 897 (D. Del. 1986). Indiscriminate disclosure, even in the face of a waiver sufficient to permit *in camera* review, is not permitted. The courts, upon completing *in camera* review, have been selective in deciding which documents, if any, warrant disclosure. *See e.g. Starsight*, 158 F.R.D. at 655-56; *United States v. Oettinger*, 1992 U.S. Dist. LEXIS 21087 (N.D. Cal. 1992) at *2. In the case at bar, this Court ordered disclosure of only three paragraphs of one document.

In sum, the information sought does not infringe directly upon any attorney-client privileged communication. There is no legal basis for preventing deposition questions that seek relevant and non-privileged information on the ground that the answer could open the door to a future claim of

1  waiver of the attorney-client privilege.  Such an argument, moreover, is based on speculative
2  concerns for the reasons stated above.

3      Accordingly, the motion to compel the reopening of Dr. Woods deposition is granted.
4  Defendants may ask Dr. Woods about his understanding as to why he is listed as an inventor on the
5  patent and reasonable follow up questions (such as the factual basis for his understanding) so long as
6  no questions are asked which would elicit answers that would clearly reveal the protected content of
7  any attorney-client communication.  Dr. Woods may also be asked about his understanding as to
8  why Dr. Baxter is listed as an inventor and the factual basis of such understanding.

9      As to the deposition questions regarding who devised certain experimental conditions, those
10 questions, despite the assertion of an objection, were asked and answered.  Therefore, the motion to
11 compel as to those question is denied as moot.

12     This order disposes of Docket No. 330.

14     IT IS SO ORDERED.

16 Dated: April 13, 2006

EDWARD M. CHEN
United States Magistrate Judge

4