UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*, | No. C-04-5429 CW (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LIMITED RELIEF FROM OR TO MODIFY THE PROTECTIVE ORDER** |
| INSMED INCORPORATION, *et al.*, | |
| Defendants. | **(Docket No. 463)** |

  Plaintiffs' motion came on for hearing on June 7, 2006. Having considered the papers filed in support of and in opposition to the motion and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** the motion.

  The parties agree that under the stipulated protective order herein, where the designation of confidentiality of any document is challenged, the designating party has the burden of establishing that the information is confidential. Stipulated Protective Order filed 9/7/05, ¶¶ 3.b. & c. Moreover, Plaintiffs assert, and Defendants do not dispute, that the fruits of pretrial discovery are presumptively public and that such a presumption may be overcome upon a showing of "good cause." *San Jose Mercury News, Inc., v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). If such good cause is shown, the Court must then balance the needs of the parties for the information against the need to keep the information private. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998); *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264-65 (9th Cir. 1964).

1    Here, Defendants have established the names of the third party fill and finishers and
2 distributors are confidential. *See* Decl. of Gunn in Support of Defendants' Opposition. In addition
3 to the reasons set forth by Mr. Gunn, the Court notes that Defendants have taken steps to keep the
4 identities of these vendors confidential from the public. They are not disclosed in any public filings.
5 Moreover, Plaintiffs admitted at the hearing they too do not, as a matter of course, publicly disclose
6 their fill and finishers. Nor have Plaintiffs presented any evidence that it is common for companies
7 in the industry to publicly disclosed such vendors.

8    The question then is whether Plaintiffs' need to use the identities of these vendors outweighs
9 the interest in keeping their identities confidential. Plaintiffs seek their identities in order to provide
10 these vendors with notice of violations to establish potential damages claims against them. Plaintiffs
11 contend they have a potential claim of inducement against these vendors given their relationship to
12 Defendants and their role in the manufacturing and distribution of the accused product. They seek,
13 not the general public disclosure of the vendor's identities, but limited disclosure for the single
14 purpose of sending the notice of infringement. Plaintiffs have established a substantial and
15 legitimate interest in obtaining the identities of these vendors. *See Mikohn Gaming Corp*., 165 F.3d
16 at 897; *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374-77 (Fed. Cir.
17 2004).

18    Defendants do not dispute that in balancing the competing interests, the Court may consider
19 a party's need for the information for use in different litigation. *See e.g. Olympic Refining Co.*, 332
20 F.2d at 264; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Verizon*
21 *Calif., Inc. v. Katz Tech. Licensing L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003). Rather, their
22 primary arguments are that the asserted claims of inducement are meritless and that Plaintiffs'
23 attempt to intimidate Defendants' vendors may cause substantial business disruption in their
24 relationships with their vendors. But the Court cannot conclude at this juncture that Plaintiffs'
25 potential claims against the vendors are patently meritless. They have asserted at least a plausible
26 case of inducement. As to the risk of disruption, Defendants' fear is speculative. As disclosed at the
27 hearing, the accused product has already been brought to market. Moreover, Defendants concede
28 they have already provided their vendors notice of Plaintiffs' patents and the impending litigation.

Furthermore, Defendants have ready access to these vendors and can forewarn them and comment as they wish on the merits (or lack thereof) of any threatening letter the vendors might receive from Plaintiffs. Indeed, should Defendants be sufficiently concerned that vendors will be deterred from continuing to do business with them, they can offer to indemnify the vendors against any action that might be brought by Plaintiffs. The Plaintiffs' need for the information outweighs the interest in keeping this information completely confidential.

Accordingly, the Court concludes that the Stipulated Protective Order may be modified to permit the disclosure of the vendor's identities and contact information to Plaintiffs' counsel, for outside counsels' eyes only and for the single purpose of sending these vendors notice of infringement. No other use or disclosure shall be permitted absent further court order.

This Order shall be stayed for 10 days in order to permit Defendants an opportunity to file an objection thereto and seek further stay.

This order disposes of Docket No. 463.

IT IS SO ORDERED.

Dated: June 8, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge