UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>INSMED INCORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-04-5429 CW (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE SECOND BACKMAN REPORT; AND DENYING DEFENDANTS' MOTION TO STRIKE THIRD BACKMAN REPORT**<br><br>**(Docket Nos. 601, 617)** |

Defendants have filed motions to strike the second and third expert reports of Keith C. Backman. Having considered the parties' briefs and accompanying submissions, and for the reasons stated on the record, the Court hereby **GRANTS IN PART and DENIES IN PART** the motion to strike the second report and **DENIES** the motion to strike the third report.

A.   Motion to Strike Second Backman Report

Defendants' motion to strike the second Backman report is denied to the extent Defendants seek to bar Plaintiffs from relying at all on the report. It properly responds to the Foley opinion raised by Defendants. The Court also notes there is no prejudice as Defendants served a rebuttal expert report. However, Plaintiffs may use the second Backman report only with respect to the issue of willfulness (*i.e.*, not invalidity). The scope of Dr. Backman's testimony on the issue of invalidity in the case in chief is defined by his first report.

///

///

United States District Court
For the Northern District of California

B. <u>Motion to Strike Third Backman Report</u>

Defendants' motion to strike the third Backman report is denied. The report responds to the indefiniteness allegation which Defendants did not made until their final invalidity contentions were served on or about August 18, 2006 after claim construction. Defendants' argument that the report should have been submitted during claim construction and thus should now be barred lacks merit. As to Defendants' claim that Dr. Backman should be barred from testifying consistent with the third report because the report does nothing more than provide Dr. Backman's "own personal construction of the claims," Reply at 3, that is a matter of admissibility of testimony at trial for Judge Wilken to decide. It is not a basis for striking the report which would effectively preempt the trial judge from determining admissibility.

This order disposes of Docket Nos. 601 and 617.

IT IS SO ORDERED.

Dated:  October 11, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

2